# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW MOORE, JR., | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:01-CR-0074-JOF-JFK-2 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:06-CV-2145-JOF |

## FINAL REPORT AND RECOMMENDATION

This case was submitted to the undersigned Magistrate Judge to consider only whether Movant's trial counsel was ineffective for (1) denying Movant the opportunity for a seven-year plea deal, (2) failing to apprise Movant of his possible sentence, and (3) failing to properly cross-examine J.F. 11, and to conduct an evidentiary hearing, if necessary, on any or all of these issues. The undersigned conducted a hearing as to the first two claims on December 8, 2009 (Doc. 827), and the parties have submitted post-hearing briefs (Docs. 828-30).

## I. Summary of Relevant Evidentiary Hearing Testimony

Cynthia W. Roseberry, the attorney appointed by the Court to represent Movant during trial, testified that Movant initially indicated to her that he was interested in pursuing a plea deal. (Doc. 827 at 4, 8). The prosecutor offered "a substantial amount

of time," and when Ms. Roseberry returned to Movant with the offer, "he seemed surprised that [she] had even explored a plea deal for him." (Id. at 8). Based on Movant's reaction, Ms. Roseberry made no further attempts to explore a plea deal. (Id.). Prior to trial, the prosecutor came to Ms. Roseberry with a plea offer for Movant to serve seven years in prison. (Id. at 8-9). Movant rejected the offer but said that he would accept five years. (Id. at 9).

Ms. Roseberry did not specifically recall discussing the Sentencing Guidelines with Movant, but she stated that "normally [she] would have gone over the guidelines and the statutes with a client and told them what the possibilities were for sentencing" and would have done so with Movant prior to trial. (Doc. 827 at 12-13). Reviewing the statutory maximums for the thirty-eight counts against Movant, Ms. Roseberry testified that she would have advised him that he was facing a possible sentence of twenty years of imprisonment on at least twenty-two of those counts, all of which could run consecutively. (Id. at 18-20). Ms. Roseberry recalled that Movant "was surprised by how severe the penalty was in comparison to the state statute." (Id. at 21).

Based on the evidence against Movant and Ms. Roseberry's calculation of the possible maximum sentence he was facing if he proceeded to trial, she would have advised him that the seven-year plea offer was a good offer. (Doc. 827 at 24-25). Had

2

Movant told Ms. Roseberry that he wanted to accept that offer, she would have communicated his acceptance to the Government. (Id. at 25). At some point, Movant "emphatically told [Ms. Roseberry] that he wanted to go to trial." (Id. at 26). On the eve of trial, the Government offered Movant ten years, and that offer was on the table for only one day. (Id. at 31). Ms. Roseberry does not recall Movant ever telling her that he wanted to accept that offer. (Id.). Ms. Roseberry further testified that Movant had the opportunity during a January 10, 2002, pretrial hearing to determine whether he wanted to proceed with her as his attorney to tell the Court that he wanted to plead guilty. (Id. at 31-32).

Movant testified that he told Ms. Roseberry that he did not want to go to trial but that instead he wanted a deal. (Id. at 41). Movant stated that he rejected an initial offer of ten years of imprisonment but accepted a subsequent seven-year offer. (Id. at 42-43). When Ms. Roseberry told Movant that they were going to trial the following week, he told her that he did not want her to represent him anymore. (Id. at 44-45). Movant then had an opportunity to address the Court at the January 10th hearing. (Id. at 45). Movant testified that, although the prosecutor told the Court at this hearing that Movant was facing 20 years, Movant had studied the charges and "knew it couldn't have been no 20 years. They say one minute they say I am facing life, one minute they

3

say I am facing 20." (Id. at 46). After Movant failed to get the seven-year deal, he felt that he and Ms. Roseberry were not "compatible," noting that his co-defendants were getting five-year deals. (Id. at 47). Movant acknowledged that, although the purpose of the January 10th hearing was to determine whether he wanted to proceed with Ms. Roseberry as his attorney, he did not tell the Court about her alleged failure to accept the seven-year deal. (Id. at 48).

Movant testified that he was initially represented by John Hesmer. (Doc. 827 at 53-54). Mr. Hesmer advised Movant that the Government had offered him ten years, but Movant rejected the offer because he wanted "a better deal." (Id. at 54). Movant denied that Mr. Hesmer ever advised him regarding his possible statutory maximum sentences. (Id. at 55). Although Movant had the opportunity to speak directly to the Court at the January 10th hearing, he did not tell the Court that he wanted to plead guilty. (Id. at 58-59). Movant admitted that the seven-year plea offer, which Ms. Roseberry allegedly failed to accept, occurred before the January 10th hearing. (Id. at 61). Movant further stated that he rejected the Government's last offer of ten years after learning that the seven-year offer was no longer available to him. (Id. at 77).

4

Mr. Hesmer testified that he met with Movant to discuss the indictment and charges he was facing and had prepared an outline of those charges. (Doc. 827 at 82-83; Gov't Ex. G-4). Mr. Hesmer reviewed the statutory maximum sentences for each count and the Sentencing Guidelines. (Id. at 84). Mr. Hesmer told Movant that he was facing forty years of imprisonment on at least four counts. (Id. at 84-85). Mr. Hesmer communicated the Government's initial ten-year plea offer to Movant. (Id. at 87). Movant was not happy with the offer and had always insisted "that his involvement in this case was seriously overblown." (Id.). In light of the evidence against Movant, Mr. Hesmer advised him that it was in his best interest to accept the plea offer. (Id. at 87-88). Movant responded that "he was not interested in pleading." (Id. at 88).

## II. Analysis of Movant's Claims

### A. General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct

5

AO 72A
(Rev.8/82)

appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Id. at 697. One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to meet the second prong of Strickland, Movant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. Id. at 694. That is, Movant "must show that there is a

6

reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### B. Counsel's Assistance with Movant's Decision to Plead Not Guilty

Movant claims that trial counsel provided him ineffective assistance in connection with his decision to plead not guilty. Specifically, Movant contends that counsel failed to accept the seven-year plea offer made to Movant, despite Movant's instructions to accept the offer after trying for a five-year deal. (Doc. 754 at 5-4, 5-5). Movant also asserts that counsel told him on numerous occasions that he faced a maximum possible sentence of twenty years of imprisonment, when, in fact, he faced up to forty years on one count alone. (Id. at 5-5, 5-6). Movant states that, had he known the actual sentence he faced, he would have accepted the Government's last plea offer of ten years of imprisonment. (Id. at 5-6).

"The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of Strickland." Flinch v. Vaughn, 67 F.3d 909, 916 (11th Cir. 1995). When advising an accused who is considering a plea offer, "counsel must after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting

7

the interests of his client." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). As to the second prong of Strickland in the context of guilty pleas, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In other words, to show prejudice after a rejected plea, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995). "[A]fter the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz, 930 F.2d at 835. See also Johnson v. Duckworth, 793 F.2d 898, 902 n.3 (11th Cir. 1986) (noting that claimant "cites no evidence prior to his conviction which would indicate any desire on his part to plead guilty," and expressing serious "doubt whether [his] after-the-fact testimony regarding his wishes in and of itself would be sufficient to establish that prior to trial, but for [defense counsel's] actions, there was a reasonable probability he would have accepted the plea agreement").

The undersigned finds Movant's testimony not credible. The most glaring example of Movant's lack of credibility is that, although he had an opportunity to

8

speak directly to the Court during the January 10, 2002, hearing regarding his relationship with Ms. Roseberry, he did not tell the Court about her alleged failure to convey his acceptance of the seven-year plea deal. Movant himself testified that all the other co-defendants were getting five year deals. (Doc. 827 at 47). It is likely that Movant wanted that same deal and asked Ms. Roseberry to get it for him. (Id. at 8-9). Additionally, Movant contradicted his claim that he did not know the actual sentence he faced when he testified that he had studied the charges and "knew it couldn't have been no 20 years. They say one minute they say I am facing life, one minute they say I am facing 20." (Id. at 46). Thus, Movant knew, prior to trial, that he faced a possible life sentence. As discussed above, see Section I supra, both Ms. Roseberry and Mr. Hesmer contradicted Movant's testimony concerning his purported acceptance of the seven-year plea offer and knowledge regarding his possible maximum sentence. Notably, although Movant testified that Mr. Hesmer did not prepare a worksheet with the counts and statutory maximums, Mr. Hesmer produced the very worksheet, which listed much more than a twenty-year possible sentence. (Doc. 827 at 54, 82-83; Gov't Ex. G-4). Based on the credible testimony of Ms. Roseberry and Mr. Hesmer, the undersigned finds that: (1) Movant did not accept the seven-year plea offer; (2) both his attorneys advised him that he was facing significantly more than twenty years of

9

imprisonment; and (3) his attorneys performed reasonably in their advice to him regarding the Government's plea offers.

The undersigned further finds that Movant has not shown prejudice because record evidence prior to Movant's conviction shows that he was not interested in a plea deal. During a January 17, 2002, pretrial hearing, Movant told the Court that Mr. Hesmer (in the summer of 2001) pressured him about a ten year plea deal, even though he was not guilty and wanted Mr. Hesmer to prepare for trial. (Doc. 715 at 156; Doc. 827 at 56-58). And, at the January 10, 2002, hearing with Judge Forrester, Defendant never advised the Court that he wanted to plead guilty or had accepted a guilty plea offer of seven years. [Doc. 827 at 58-62]. Movant's after the fact testimony that he wanted to plead guilty is insufficient to establish prejudice. See Diaz, 930 F.2d at 835; Johnson, 793 F.2d at 902 n.3. Therefore, Movant is not entitled to relief on these claims.

### C. Counsel's Cross-Examination of J.F. 11

Movant alleges that counsel was ineffective during cross-examination of J.F. 11 because he failed to use the state criminal trial transcripts to impeach her testimony. (Doc. 754 at 5-8). Movant states that J.F. 11's testimony in federal court that he had a gun during the alleged rape was the basis for a weapons enhancement. (Id.). Movant

10

claims that this testimony is inconsistent with her testimony in state court, where she did not mention a weapon. (Id.).

The Government responds that this claim is false, as J.F. 11 testified eight separate times during the state criminal trial that Movant had a gun. (Doc. 809 at 3-5). Accordingly, the Government argues that "there was no ineffective assistance of counsel for failure to cross-examine the witness on alleged, but non-existent, inconsistencies." (Id. at 5).

Movant's reply points to four alleged inconsistencies in J.F. 11's testimony. (Doc. 814). First, Movant states that J.F. 11 did not testify in state court that co-defendant Antwann Davis, "Weasel," threatened to kill her and her family during their initial conversation, as she did in federal court. (Id. at 2). Second, Movant asserts that "J.F. 11 gave inconsistent testimony as to where she was sitting [in state court 'on the loveseat'] in federal court ['on the sofa']" and that she did not testify in state court that Weasel beat her in the face. (Id. at 3-4). Third, Movant contends that J.F. 11's testimony was inconsistent because she testified in state court that Movant, "Batman," bought her a "tank-top" but testified in federal court that he bought her a "shirt." (Id. at 4). Lastly, Movant notes very slight differences in J.F. 11's testimony regarding "when she exited Batman's car and when she entered Hollywood [co-defendant

11

Michael Davis's] car, and exactly what made her enter Hollywood's car." (Id. at 5). The undersigned notes, however, that the testimony cited by Movant does not appear to be inconsistent.

"The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney." Fugate v. Head, 261 F.3d 1206, 1219 (11th Cir. 2001). To satisfy the second prong of Strickland, the movant must show a "specific instance where cross-examination arguably could have affected the outcome of either the guilt or sentencing phase of the trial." Id.

A review of the state criminal trial transcripts reveals that J.F. 11 did testify that Movant had a gun. (State Tr. at 864-65, 879, 896, 928, 930, 935-36, 945, 965). Moreover, counsel's failure to impeach J.F. 11 with the alleged minor inconsistencies cited by Movant did not amount to deficient performance or prejudice. See Roberts v. Singletary, 794 F. Supp. 1106, 1122 (S.D. Fla. June 5, 1992) (holding that "[n]o constitutional error results from counsel's failure to exploit every potential inconsistency"). Therefore, the record conclusively demonstrates that Movant is not entitled to relief on this claim.

## III.  Certificate of Appealability

12

Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). See also Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying the Slack COA standard in a § 2255 case). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir.), cert. denied, 130 S. Ct. 783 (2009).

AO 72A
(Rev.8/82)

Based on the foregoing discussion of Movant's claims for relief, the resolution of the issues presented is not debatable by a jurist of reason, and the undersigned recommends that Movant be denied a COA.

## IV. Conclusion

**IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence (Doc. 754) and a COA be **DENIED**.

**SO RECOMMENDED** this 26th day of March, 2010.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

14

AO 72A
(Rev.8/82)