IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| | : | 1:01-cr-00074-JOF-JFK-2 |
| Andrew Moore, Jr., | : | |
| Defendant. | : | |
| | : | |

**OPINION & ORDER**

This matter is before the court on Petitioner's Motion to Vacate, set aside or correct sentence under 28 U.S.C. § 2255 [754], the Report and Recommendation of Magistrate Judge Janet F. King [831], and Petitioner's Objections there to [832].

**I.    Background**

    **A.    Facts and Procedural History**

Petitioner, Andrew Moore, was a pimp operating in southwest Atlanta from at least 1997 to his arrest in late 2001. In January of 2002, a jury convicted Moore of (1) conspiring to participate in a juvenile prostitution enterprise affecting interstate commerce through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d); (2) enticing juveniles to engage in prostitution, in violation of 18 U.S.C. § 2422(b); (3) using interstate facilities

to carry on prostitution, in violation of 18 U.S.C. § 1952(a)(3); (4) four counts of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951; (5) six counts of involuntary servitude, in violation of 18 U.S.C. § 1584; and (6) distribution of marijuana and cocaine to minors, in violation of 21 U.S.C. § 859. This court sentenced him to a total of forty years' imprisonment.

Moore filed the present petition on May 22, 2006. He asserted the following four grounds: (1) ineffective assistance of trial counsel in violation of the Sixth Amendment, (2) ineffective assistance of appellate counsel in violation of the Sixth Amendment, (3) violation of his due process rights under the Fifth Amendment when the district court used aspects of his vacated state court conviction to enhance his base offense and criminal history levels under the federal sentencing guidelines, and (4) actual and factual innocence of the charges for which he stands convicted and sentenced. On April 20, 2009, this court issued an order that denied some of Petitioner's claims and directed the government to respond to the remaining claims. D.E. [807]. On September 8, 2009, after the government responded as directed, this court denied more of Petitioner's claims and referred the remaining claims to the Magistrate Judge. Those claims concern "whether Movant's trial counsel was ineffective for (1) denying Movant the opportunity for a seven-year plea deal, (2) failing to apprise Movant of his possible sentence, and (3) failing to properly cross-examine J.F. 11 . . . ." D.E. [817].

2

### B.     Report and Recommendation and Petitioner's Objections

Magistrate Judge Janet F. King held an evidentiary hearing regarding Petitioner's remaining claims on December 8, 2009 and issued the present Report and Recommendation on March 26, 2010. At the evidentiary hearing, Magistrate Judge King heard from Petitioner and Petitioner's former trial counsel John Hesmer and Cynthia Roseberry. In her Report and Recommendation, Magistrate Judge King recommends that this court deny Petitioner's 28 U.S.C. § 2255 Motion to Vacate, and further, that Petitioner be denied a certificate of appealability ("COA"). D.E. [831]. As to Petitioner's § 2255 petition, the Magistrate Judge found that Petitioner's testimony at the evidentiary hearing was not credible, and that based on the testimony of Petitioner's former counsel, Petitioner did not accept the seven-year plea offer and Petitioner was aware that he faced much more than twenty years in prison if he proceeded to trial. *Id*. at 9-10. Magistrate Judge King also found that Petitioner's attorneys "performed reasonably in their advice to him regarding the Government's plea offers." *Id*. at 10.

Petitioner has filed objections to the Report and Recommendation. D.E. [832]. In his objections, Petitioner does not object to or discuss the Report and Recommendation's findings regarding the failure to properly cross-examine J.F. 11 or the recommendation to deny a certificate of appealability. D.E. [832]. He does object to the Magistrate Judge's determination regarding the seven-year plea deal and the alleged failure of his trial counsel

3

to apprise him of his possible sentence. *Id.* Petitioner argues that the Report and Recommendation does not address all relevant facts, especially the acrimonious nature of the relationship between Petitioner and his trial counsel, Ms. Roseberry. *Id.* at 2-3.

## II.    Discussion

Magistrate Judge King found that Petitioner did not accept the seven-year plea deal, nor did he show any prejudice "because record evidence prior to [Petitioner's] conviction shows that he was not interested in a plea deal." D.E. [831], 10. Petitioner objects to that finding, arguing that "[w]hether it was due to the communication problem between Ms. Roseberry and Mr. Moore, attorney confusion as to whether to pursue a plea, or Ms. Roseberry simply inadvertently failing to clearly convey to the government that Mr. Moore would accept the 7-year offer, Mr. Moore through counsel was never unequivocally able to convey to the prosecution that he wanted to accept the 7-year deal." *Id.* at 5-6 (internal citations omitted). While Petitioner focuses on the less than ideal relationship between him and Ms. Roseberry, the evidence on the record shows that Petitioner never accepted the seven-year deal during the time that deal was available to be accepted. The Magistrate Judge did not find Petitioner's testimony that he indeed accepted the seven-year deal to be credible, and Ms. Roseberry has consistently maintained that Petitioner rejected the offer.

Magistrate Judge King also found that "both [of Petitioner's] attorneys advised him that he was facing significantly more than twenty years of imprisonment . . . ." D.E. [831],

4

9-10. As stated previously, the Report and Recommendation further held that Petitioner had not shown prejudice either. *Id.* at 10. In his Objections, Petitioner again argues that he was unaware of or misled as to the length of his potential sentence were he to go to trial. Petitioner offers no different arguments in his Objections from those contained in his briefing before the Magistrate Judge,[1] and the court agrees with the Magistrate Judge's determination that Petitioner's attorneys informed him that he was facing a possible sentence of much more than twenty years in prison.

Having been read and considered, the Report and Recommendation is ADOPTED as the order of the court [831]. Petitioner's Motion to Vacate, set aside or correct sentence under 28 U.S.C. § 2255 is DENIED [754], and the Clerk of the Court is DIRECTED to DISMISS this action. Although a notice of appeal has clearly not been filed yet, based upon the record, the court agrees with the Magistrate Judge's determination that the resolution of the issues presented is not debatable by a jurist of reason. Therefore, any future motion for a Certificate of Appealability as to this order will be DENIED *nunc pro tunc*.

---

[1] Petitioner briefly mentions that "the sentencing worksheet tendered by Mr. Hesmer in support of his reviewing possible sentences with Mr. Moore was dated after he withdrew from representation of Mr. Moore." D.E. [832], 3. The court has reviewed the worksheet, and it does not seem to be dated, and Petitioner does not expand upon this argument other than the above-quoted language. However, even if the worksheet was not considered, Mr. Hesmer explicitly stated that he discussed, with Petitioner, the maximum sentence for each count for which Petitioner was indicted. D.E. [827], 84-85.

**IT IS SO ORDERED** this 29th day of October 2010.

        /s   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)